GARCÍA ET AL., PLAINTIFFS AND APPELLANTS, *v.* CANTERO, FERNÁNDEZ & Co., DEFENDANTS AND APPELLEES.

Appeal from the District Court of San Juan in an Action for Damages for Libel.

No. 2212.—Decided June 11, 1920.

LIBEL—EVIDENCE.—The fact that in an action for damages for libel several of the witnesses for the plaintiffs testified that from reading the articles published they concluded that they referred to an assignation house is not binding upon the court. It had the power to weigh such testimony itself in connection with the context of the publications, giving them such credit and extent as in justice they had, and unless it be shown that the court erred in the exercise of that power its conclusion will be upheld by the appellate court.

The facts are stated in the opinion.

*Messrs. Oller & Rodríguez* for the appellants.

*Mr. A. Sarmiento* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Ramón García and his wife, Obdulia O'Kelly, brought an action against Cantero, Fernández & Co., editors of a newspaper published in the city of San Juan, Porto Rico, called *El Imparcial,* to recover damages suffered by them by reason of the publication of certain articles in the said newspaper which, the plaintiffs alleged, falsely charged them with keeping an assignation house. The defendants answered denying the material allegations of the complaint and averring that the articles in question were published on information from reliable persons to the effect that gambling was being carried on in a certain house in Cataño. The case went to trial. The plaintiffs introduced their evidence. The defendants offered no evidence. The court finally rendered judgment dismissing the complaint and the plaintiffs took the present appeal therefrom.

In its opinion the district court said:

"The court does not find any clear and convincing proof that the articles published in *El Imparcial* referred directly and expressly to the plaintiffs, or that such reference could be plainly inferred. But even if they did, or if it were doubtful, the court is unable to find that said articles stated that the plaintiffs had made their home an assignation house, nor from the context of the articles and an examination of the facts published can it be logically or fairly deduced that the existence of such an assignation house is charged and that the plaintiffs were its owners. To make out a case here there should exist some logical way of drawing such inference. An inference based on the interpretation of malicious persons or of persons prone to hasty judgment, can not constitute a cause of action."

The attorney for the appellants has filed a brief which reveals a careful study of the matter, but his argument has not convinced this court. The fact that two or three witnesses at the trial testified that they deduced from reading the articles that they referred to an assignation house, did not bind the court. The court itself had the authority and

it was its duty to weigh such testimony in connection with the contents of the publications, giving them such credit and scope as in justice they had, and unless it be shown that the court erred in the exercise of that power, its ruling will be upheld.

In view of the foregoing the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.